NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PERCY JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 14-3459(JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies. The Court has considered Defendant's submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

I.  BACKGROUND

On July 8, 2009, Plaintiff filed an application for supplemental security income (SSI) that was denied at the initial level and the reconsideration levels. (Def. Brief at 1). On August 10, 2011, the administrative law judge (ALJ) issued an unfavorable hearing decision. (*Id.*). Thereafter, Plaintiff filed a request for review of the hearing decision with the Appeals Council on January 12, 2013. (*Id.*).

On October 27, 2014, the Appeals Council issued a notice denying Plaintiff's request for review because it was filed more than a year after its due date. (*Id.*). The notice did not provide Plaintiff with rights to institute a civil action in federal court for an additional review of the ALJ's

decision. (*Id.*). On January 24, 2012, the Plaintiff filed a subsequent application for SSI, which was approved on November 20, 2012. (*Id.*). On June 2, 2014, Plaintiff initiated the above-captioned matter. (Docket Entry # 1). Defendant filed the instant Motion to Dismiss on March 16, 2015. (Docket Entry # 13). No opposition to the motion was received.

## II. LEGAL STANDARD

42 U.S.C. § 405(g) provides, in relevant part, as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business....

The United States Supreme Court has explained that Section 405(g) specifies the following requirements for judicial review: "(1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business." *Weinberger v. Salfi*, 422 U.S. 749, 763-764 (1975). The Supreme Court has interpreted the "first requirement ... to be central to the requisite grant of subject-matter jurisdiction-the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'" *Id.*

## II. DISCUSSION

Defendant argues that Plaintiff has not exhausted his administrative remedies and there has been no final decision after a hearing in this case as required by the Social Security Act. 42

2

U.S.C. § 405(g), and that therefore, this Court is without subject matter jurisdiction over this matter.

It is clear that Plaintiff in this case never received a final hearing with respect to his SSI application. Accordingly, Plaintiff has not received a final decision of the Commissioner of Social Security, rendered after a hearing. Under these circumstances, the Court cannot exercise its jurisdiction to review this social security matter.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted. Therefore, this case is closed. An appropriate Order accompanies this Opinion.

DATED: April 7th, 2015

s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE